UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **KRISHNA MUIR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Civ. Action No. 03-1193 (RJL) ) |
| NAVY FEDERAL CREDIT UNION, et al., | ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION
(August 15, 2005) [# 38]

Krishna Muir, the plaintiff, brings this action to challenge the decision by the defendant, the Navy Federal Credit Union ("NFCU"), to set off his joint bank account with his father to satisfy a debt that belonged to his father individually. On March 1, 2005, the Court issued two opinions regarding Counts I through XI of Mr. Muir's complaint. Before the Court is NFCU's motion to dismiss the remaining claim in the complaint, tortious interference with business expectancy. For the following reasons, the Court GRANTS the defendant's motion.

## ANALYSIS

A Rule 12(b)(6) motion to dismiss is appropriately granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering the motion to dismiss, the Court must accept as true all of the well-pleaded allegations set

1

forth in the complaint and construe them liberally. *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

To prevail on a claim of tortious interference with business expectancy under Virginia Law,[1] a plaintiff must prove: "(1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damage to the plaintiff." *Williams v. Dominion Tech. Partners, L.L.C.*, 265 Va. 280, 289 (2003). The plaintiff must prove each element by a preponderance of the evidence. *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 301 (1997). Mr. Muir, for the following reasons, has not done so.

Regarding the first and third elements of the tort, plaintiff alleges that he had a "viable business expectancy with a probability of future economic benefit" and that he "avers to a reasonable certainty that absent the [d]efendant's intentional misconduct, he would have realized that expectancy." Compl. ¶¶ 137, 139. The plaintiff, however, has not provided any additional information about the business expectancy and his probability of realizing it. *See generally* Compl. ¶¶ 136-145. Indeed, plaintiff had an opportunity to flesh out these allegations in greater detail after receiving Defendant's Motion to Dismiss, but failed to do so. *See generally* Opp'n at 1-10.

---

[1] As stated in its March 1, 2005 Memorandum Opinion, this Court must apply Virginia law to the substantive issues in this case. *See Muir v. Navy Fed. Credit Union*, No. 03-1193, 2005 WL 486034, at *1 n.1 (D.D.C. Mar. 1, 2005).

As the allegations currently stand, there is nothing more than "mere proof of [Mr. Muir's] belief and hope." This alone will not satisfy the objective test to recover for this tort. *Commercial Bus. Sys., Inc.*, 253 Va. at 301. Additionally, plaintiff's subjective characterizations of the future economic benefit to him do not transform the mere "possibility" into a "probability" sufficient to satisfy the first element of the tort. *Id.* The Court is required only to accept facts as alleged. It is not required to accept inferences that are unsupported by the facts set out in the complaint or legal conclusions masquerading as factual allegations. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see also* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 12.34 (3d ed. 1997) (holding that a court is not required to accept subjective characterizations or legal conclusions as alleged). Since the plaintiff has not alleged any facts to meet the objective test required for the first and third elements of tortious interference with business expectancy claim, the Court dismisses Count XII of the plaintiff's complaint pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED. An order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

3