UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 8 – 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| KRISHNA MUIR, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 03-1193 (RJL) |
| NAVY FEDERAL CREDIT UNION, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER
(January 4, 2007)

On October 26, 2006, the Court of Appeals for the District of Columbia Circuit remanded this case to this Court for a ruling on a certain aspect of defendant Patricia Dearing, L.L.C.'s ("Dearing") motion to dismiss and a ruling as to certain "additional claims" for damages against defendant Navy Federal Credit Union. For the following reasons, the Court GRANTS Dearing's motion to dismiss as to this certain aspect, and VACATES its earlier damages ruling against defendant Navy Federal Credit Union.

First, on February 25, 2005, this Court granted defendant Dearing's motion to dismiss plaintiff's claims for lack of standing. (Mem. Op. and Order of Feb. 28, 2005 at 3.) The Court held that because plaintiff did not have contact with defendant Dearing, and, thus, had established no causal nexus between himself and defendant, plaintiff's claims must be dismissed for lack of standing. (*Id.*); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that to establish standing, a plaintiff must demonstrate a concrete, actual injury; a causal connection between the injury and defendant's conduct; and an injury that a court can redress). Accordingly, to the extent that this Court did not

rule on defendant Dearing's motion to dismiss plaintiff's tort claims against her in its February 28, 2005 Order, the Court holds that the plaintiff does not have standing to assert any causes of action, including tort claims, against defendant Dearing, and, thus, *all* of plaintiff's claims against defendant Dearing are hereby DISMISSED.

Second, on March 1, 2005, this Court granted summary judgment to plaintiff on the claim of tortious conversion against defendant Navy Federal Credit Union and awarded plaintiff actual damages in the amount of $27,022.90. (Mem. Op. and Order of Mar. 1, 2005 at 3.) Because, however, the Court did not rule on certain "additional claims" sought by the plaintiff for other actual, compensatory, and punitive damages, plus interest, attorney fees and costs, (Compl. ¶ 123), the Court's judgment for $27,022.90 is hereby VACATED, and the Court will hold a hearing to establish the damages and fees owed to plaintiff.

Accordingly, it is hereby

**ORDERED** that defendant Dearing's motion to dismiss plaintiff's tort claims against her is GRANTED, and it is further

**ORDERED** that the Court's March 1, 2005 Judgment in favor of plaintiff in the amount of $27,022.90 is VACATED, and it is further

**ORDERED** that a hearing to establish the damages and fees owed to plaintiff by defendant Navy Federal Credit Union will be held on February 6, 2007 at 2:30 PM in Courtroom 18 before the Honorable Richard J. Leon, and it is further

**ORDERED** that the parties each submit a proposed schedule of damages to the Court by January 29, 2007.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge