UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KRISHNA MUIR, )
)
      Plaintiff, )
)
v. ) Civil Case No. 03-1193 (RJL)
)
NAVY FEDERAL CREDIT UNION, )
*et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION
(March 19, 2007) [#48]

Plaintiff, Krishna Muir, brought this action to challenge the decision by the defendant, the Navy Federal Credit Union ("NFCU"), to set off his joint bank account with his father to satisfy a debt that belonged to his father individually. On March 1, 2005, this Court granted summary judgment to plaintiff on the claim of tortious conversion against defendant NFCU and awarded plaintiff actual damages in the amount of $27,022.90. (Mem. Op. and Order of Mar. 1, 2005 at 3.) Because, however, this Court did not rule on certain "additional claims" sought by the plaintiff against defendant Navy Federal Credit Union for other actual, compensatory, and punitive damages, plus interest, attorney fees and costs, (Compl. ¶ 123), on October 26, 2006, the Court of Appeals for the District of Columbia Circuit remanded this case to this Court for a ruling on those claims for damages. Pursuant to the ruling by the Circuit Court, on January 4, 2007, this Court vacated its damages ruling in favor of plaintiff and held a hearing on February 6, 2007 to establish the damages and fees owed to plaintiff

by defendant NFCU. In addition, plaintiff has submitted a schedule of damages and a motion for reconsideration of this Court's January 29, 2007 Order. For the following reasons, the Court DENIES plaintiff's motion for reconsideration and enters judgment in favor of the plaintiff in the amount of $27,022.90 for actual damages sustained as a result of defendant NFCU's tortious conversion of plaintiff's property.

For the reasons stated in its March 1, 2005 Order, the Court granted plaintiff's motion for summary judgment with respect to his tortious conversion claim. Accordingly, this Court enters a judgment of $27,022.90 for plaintiff's actual damages.

In addition, in his "Schedule of Damages," plaintiff requests, with no supporting argument, $110,750 in "loss profits." (Pl.'s Schedule of Damage at 1.) In Virginia, loss of future profits may be recovered from a tort-feasor if the loss was "proximately caused by wrongful conduct, which results in interruption or destruction of established business," and the amount alleged is drawn from a "reasonable ascertainment and [is] not uncertain, speculative, or remote." *Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 440 S.E.2d 606, 608 (Va. 1994). Although to prove lost profits, a "plaintiff is not required to prove the exact amount of his damages . . . he is required to show sufficient facts and circumstances to permit a [fact-finder] to make a reasonable estimate of those damages." *Goldstein v Kaestner*, 413 S.E.2d 347, 350-51 (Va. 1992) (citing *Murray v. Hadid*, 385 S.E.2d 898, 904 (Va. 1989)).

---

[1] As stated in its March 1, 2005 Memorandum Opinion, this Court must apply Virginia law to the substantive issues in this case. *See Muir v. Navy Fed. Credit Union*, No. 03-1193, 2005 WL 486034, at *1 n.1 (D.D.C. Mar. 1, 2005).

Here, plaintiff has failed to provide any factual or legal grounds for any lost profits. Moreover, plaintiff has provided no basis to demonstrate that defendant's actions were the proximate cause of any lost profits. *See Hop-In Food Stores*, 440 S.E.2d at 609 ("There may be no recovery for loss of future profits when it is uncertain that there would have been any profits at all.") Accordingly, this Court denies plaintiff's claim for lost profits.

Additionally, plaintiff seeks punitive damages in the amount of $1,000,000 and an opportunity for discovery to establish this claim. (Pl.'s Mot. Reconsideration at 2-3.) Under Virginia law, in order to claim punitive damages in a claim of tortious conversion, plaintiff must show "misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others." *PGI, Inc. v. Rathe Prods., Inc.*, 576 S.E.2d 438, 444 (Va. 2003). Additionally, the conduct must "import[] knowledge and consciousness that injury will result from the act done." *Id*. Here, plaintiff has offered no evidence of malice or a conscious disregard for plaintiff's rights on the part of NFCU. *See id*. (finding that "[n]o mere inadvertence, mistake, or accidental occurrence can be malicious"). Moreover, the facts and circumstances of this case as set out in plaintiff's pleadings do not suggest that defendant NFCU had the requisite state of mind to warrant an award of punitive damages,

and, accordingly, this Court finds that discovery is not likely to beneficial. Accordingly, the Court denies plaintiff's claim for punitive damages and for discovery.

Finally, plaintiff claims $4,365.41 in interest at a rate of six percent per year for two years, six months, and twenty-five days. (Pl.'s Schedule of Damage at 1.) The award of interest is within "the sound discretion of the trial court." *Skretvedt v. Kouri*, 445 S.E.2d 481, 487 (1994) (citing Va. Code Ann. § 8.01-382). However, plaintiff has provided no explanation or argument in support of this award of interest in his pleadings, or, as provided for in this Court's Order of January 4, 2007, in his Schedule of Damages. Accordingly, the Court denies plaintiff's request for interest.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration and enters judgment in favor of the plaintiff in the amount of $27,022.90 for actual damages. An Order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge